UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**

JAN 3 1 2014

CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CIV 12-30144-RAL |
| | * | |
| Petitioner, | * | |
| | * | |
| vs. | * | OPINION AND ORDER DISMISSING |
| | * | MOTION FOR CREDIT FOR PRE-TRIAL |
| | * | CONFINEMENT |
| | * | |
| ROYCE GREGORY LOUDNER, | * | |
| | * | |
| Respondent. | * | |

## I.   INTRODUCTION

On July 31, 2013, Royce Gregory Loudner (Loudner) filed a Motion for Credit for Pre-trial

Confinement. Doc. 54. On September 23, 2013, he filed a Motion for Expedited Hearing and Order.

Doc. 55.  This Court ordered the Government to respond.  Doc. 56.  On October 21, 2013, the

Government responded, Doc. 58, and Loudner thereafter filed a reply brief, Doc. 59.  For the reasons

stated below, Loudner's Motion for Credit for Pre-trial Confinement is dismissed without prejudice

because this Court lacks jurisdiction to hear it, and his Motion for Expedited Hearing and Order is

denied as moot.

## II.   BACKGROUND

On July 18, 1992, a jury convicted Loudner of two counts of aggravated sexual abuse and

one count of abusive sexual contact. United States v. Loudner, CR 92-30016-CBK, Doc. 88 at 139-

141.  On October 7, 1992, the Honorable Donald J. Porter sentenced Loudner to 240 months

imprisonment with three years of supervised release to follow. Loudner, CR 92-30016-CBK, Doc.

2 at 2-3. Loudner was released and began serving his period of supervised release on November 10,

1

2009. Loudner, CR 92-30016-CBK, Doc. 160. On July 5, 2012, a Petition to Revoke Supervised Release was filed for, among other reasons, Loudner's alleged failing to register as a sex offender. Loudner, CR 92-30016-CBK, Doc. 160. Loudner was taken into federal custody pursuant to the Petition to Revoke on July 5, 2012.[1]

After Loudner was arrested for violating conditions of his supervised release in Loudner, CR 92-30016-CBK, an investigation began into whether a separate criminal case should be opened stemming from Loudner's alleged failure to register as a sex offender in violation of the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16901, *et seq*. United States v. Loudner, CR 12-30144-RAL, Doc. 58 at 2. On September 19, 2012—after Loudner was in custody for violating terms of his supervised release, but before he had been sentenced on his revocation—an indictment was filed in Loudner, CR 12-30144-RAL, Doc. 1, charging Loudner with the new offense of Failing to Register as a Sex Offender in violation of 18 U.S.C. § 2250(a) and 42 U.S.C. § 16913.

On October 15, 2012, Loudner was sentenced by The Honorable Charles B. Kornman to twelve months and one day in prison for violating supervised release. Loudner, CR 92-30016-CBK, Docs. 178,179. Loudner remained in the Hughes County Jail in Pierre, South Dakota, awaiting the disposition of his other federal case involving an alleged SORNA violation. Loudner, CR 12-30144-RAL, Doc. 54. On February 4, 2013, this Court accepted Loudner's guilty plea for failing to register as a sex offender in violation of SORNA and sentenced him to eighteen months in custody with five years of supervised release to follow. Loudner, CR 12-30144-RAL, Doc. 43 at 2. His sentence in Loudner, CR 12-30144-RAL was ordered to "run concurrent with the sentence of his supervised

---

[1] Loudner was arrested by state authorities on July 3, 2012, and transferred to federal custody on July 5, 2012. See Doc. 58 at 1-2.

release violation in CR 92-30016." <u>Loudner</u>, CR 12-30144-RAL, Doc. 43 at 2.

Loudner was given pre-sentence credit against his eighteen month sentence for the time period between July 3, 2012, the day he was arrested originally, and October 14, 2012, the day before he was sentenced by Judge Kornman in <u>Loudner</u>, CR 92-30016-CBK. <u>Loudner</u>, CR 12-30144-RAL, Doc. 54-1 at 5. Loudner was not given credit for the time he spent in the Hughes County Jail after he was sentenced in <u>Loudner</u>, CR 92-30016-CBK from October 14, 2012, until this Court's sentencing in <u>Loudner</u>, CR 12-30144-RAL on February 4, 2013. <u>Loudner</u>, CR 12-30144-RAL, Doc. 54 at 1; <u>Loudner</u>, CR 12-30144-RAL, Doc. 58-3. Loudner's Motion for Credit for Pre-trial Confinement seeks credit against this Court's sentence for time he spent in prison after Judge Kornman sentenced him but before this Court sentenced him.[2]

## III.   DISCUSSION

### A.   Failure to Exhaust Administrative Remedies

Loudner admits that he has not exhausted his administrative remedies. Doc. 59 at 2.[3] Loudner currently is incarcerated at the Federal Correctional Institute in Sandstone, Minnesota (FCI

---

[2] Loudner states that after his sentencing on February 4, 2013, he "continued to remain in custody of the South Dakota Division of the U.S. Marshall [sic] Service until 03-19-13, when he was transferred to the Air-Marshall [sic] Division and the Federal Bureau of Prisons." <u>Loudner</u>, CR 12-30144-RAL, Doc. 54. Loudner believes that he was not given credit for the time period following his sentencing in <u>Loudner</u>, CR 92-30016-CBK on October 15, 2012, until the date he was transferred to the Air Marshals on March 13, 2013. <u>Loudner</u>, CR 12-30144-RAL, Doc. 54. Loudner appears to be incorrect. The entities Loudner references are one and the same. The sentence computations sheets that Loudner provided show that his sentence began on February 4, 2013. Doc. 54-1 at 3-4. Loudner was given credit for the time period between February 4, 2013 and March 19, 2013. <u>Loudner</u>, CR 12-30144-RAL, Doc. 54-1 at 3-4. Therefore, Loudner's motion must be read as seeking credit from October 15, 2012 until February 4, 2013.

[3] Citations to the record in the Discussion and Conclusion sections correlate to documents filed in <u>Loudner</u>, CR 12-30144-RAL.

3

Sandstone). Doc. 54-2. On July 30, 2013, Loudner filed a Request for Administrative Remedy, Doc. 58-2, with the warden at FCI Sandstone seeking credit for the time period outlined above. The Request for Administrative Remedy is the first step in the Bureau of Prison's (BOP) three-step Administrative Remedy Program.[4] Completion of all three steps is required to satisfy the exhaustion of administrative remedies. 28 C.F.R. § 542.15(a). The warden denied Loudner's request on August 8, 2012, and directed Loudner to appeal to the Regional Director for the BOP if he so chose. Doc. 58-3. The day after the warden denied his request, instead of filing an appeal, Loudner filed his Motion for Credit for Pre-trial Confinement in his underlying criminal case—Loudner, CR 12-30144-RAL—which was closed on February 5, 2013. Doc. 43.

## B.    Applicability of 28 U.S.C. § 2241

Loudner's Motion for Credit for Pre-trial Confinement attacks the execution of his sentence by the BOP. Doc 54; Doc. 59. It argues that the BOP miscalculated his sentence credit and that he is entitled to an additional 155 days of credit for which the BOP has failed to account. Doc. 55. An inmate may attack the execution of his sentence only by filing a habeas corpus petition pursuant to 28 U.S.C. § 2241 in the district where he is incarcerated. Matheny v. Morrison, 307 F.3d 709, 711

---

[4] The BOP has a three-tiered administrative review system entitled the Administrative Remedy Program ("the Program"). See 28 C.F.R. §§ 542.10-19; Huff v. Sanders, 632 F. Supp. 2d 903, 907 (E.D. Ark. 2008). Under the Program, the inmate first requests an informal resolution of his complaint from the institution's staff, and if that fails, he must raise the complaint with the warden. 28 C.F.R. § 542.13-14. Second, if an informal resolution request fails, the inmate must appeal that decision to the Regional Director. 28 C.F.R. § 542.15(a). Third, if the inmate is not satisfied with the Regional Director's decision on appeal, he may appeal to the General Counsel. 28 C.F.R. § 542.15(a). An appeal to the General Counsel completes the inmate's exhaustion requirement. 28 C.F.R. § 542.15(a). Loudner filed this motion after completing the Program's first step and has not attempted to complete the final two steps.

4

(8th Cir. 2008); see also Preiser v. Rodriguez, 411 U.S. 475, 498 (1973) (holding that the "heart of

habeas corpus" relief is to provide a remedy for an inmate "challenging the fact or duration of his

physical confinement" or "seeking immediate release or a speedier release from that confinement");

Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir. 1994) (holding that district court lacked

jurisdiction to hear petitioner's claim for credit because it was not raised in a § 2241 brought in the

district of her incarceration); United States v. Frosch, 496 F. Supp. 2d 1018, 1019-20 (S.D. Iowa

2007) (holding that a Defendant may attack his sentence "only . . . through a § 2241 habeas petition,

and he may only file such a petition in the federal court located in the district in which he is

incarcerated, or where a regional BOP office is located."); Roderick v. Bond, 553 F. Supp. 183, 184

(E.D. Mo. 1982) ("When a prisoner files an action that attacks the length of his confinement, his sole

remedy is a writ of habeas corpus."). As such, Loudner's Motion for Credit for Pre-trial

Confinement filed in his original criminal case is not a proper vehicle for such relief and the Motion

for Credit for Pre-trial Confinement must be construed as a petition for habeas corpus brought

pursuant to § 2241. See United States v. Sithithongtham, 11 F. App'x 657, 658 (8th Cir. 2001) (per

curiam) (construing a motion to clarify the amount of credit an inmate should receive as "an attempt

by [the inmate] to seek habeas corpus relief under 28 U.S.C. § 2241"); United States v. Chappel, 208

F.3d 1069, 1069 (8th Cir. 2000) (per curiam) (upholding district court's dismissal of an inmate's

motion seeking pretrial credit against his sentence and directing the inmate that such a motion in the

future must be brought pursuant to § 2241); Frosch, 496 F. Supp. 2d at 1019 (construing letter

challenging BOP's credit calculation as a habeas corpus petition pursuant to § 2241 that may only

be brought in the district of incarceration).

Habeas corpus petitions brought under § 2241—which is how this Court construes Loudner's

5

Motion for Credit for Pre-trial Confinement—must be brought in the district where the defendant is incarcerated, the United States District Court for the District of Columbia, or in any district containing a BOP regional office.  Chappel, 208 F.3d at 1069-70.  Because Loudner is not incarcerated in the District of South Dakota and the District of South Dakota is not home to a BOP regional office, this Court is without jurisdiction to hear Loudner's § 2241 petition.  Loudner may re-file his § 2241 after exhausting his administrative remedies in an appropriate district court.

## IV.    CONCLUSION

For the reasons explained in this Opinion and Order, it is hereby

ORDERED that Loudner's Motion for Credit for Pre-trial Confinement, Doc. 54, is construed as a petition for habeas corpus pursuant to 28 U.S.C. § 2241 and is denied and dismissed without prejudice.  Loudner may re-file an appropriate petition within a district court of competent jurisdiction after exhausting his administrative remedies. Finally, it is

ORDERED that Loudner's Motion for Expedited Hearing and Order, Doc. 55, is denied as moot.

Dated January  31st, 2014.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

6